**QUICK SERVICE PROS**
**4325 TULSA**
**HOUSTON, TEXAS 77092**
**713-259-5540**

**Date:  August 30, 2022**

**TO:    BENCHMARK INSURANCE COMPANY**
**        C/O CORPORATION SERVICE COMPANY**
**        211 E 7TH STREET SUITE 620**
**        AUSTIN, TX 78701-3218**

**RE:    CITATION ISSUED BY      DICK LAW FIRM, ERIC B. DICK, ATTORNEY AT**
**        LAW**

**Please find enclosed attached CITATION executed by CERTIFIED MAIL**

**CERTIFIED MAIL RECEIPT #      7021 2720 0001 2111 9196**

**Tim Mullinax,**
**Process Server #9993**

EXHIBIT B

Receipt Number: 935125
Tracking Number: 74044831   EML

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202253167

| | |
|---|---|
| PLAINTIFF: HUIZAR, ANDRE | In the 133rd Judicial |
| vs. | District Court of |
| DEFENDANT: BENCHMARK INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: BENCHMARK INSURANCE COMPANY MAY BE SERVED BY SERVING DEFENDANT'S ATTORNEY FOR

SERVICE CORPORATION SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

DALLAS TX 78701-3218

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION EXPEDITED ACTION UNDER TRCP 169.
This instrument was filed on August 24, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this August 29, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MONICA JACKSON

Issued at request of:
DICK, ERIC B
3701 BROOKWOODS DRIVE
HOUSTON, TX   77092
832-207-2007
Bar Number: 24064316

Tracking Number: 74044831   EML

CAUSE NUMBER: 202253167

| PLAINTIFF: HUIZAR, ANDRE | In the 133rd |
| vs. | Judicial District Court |
| DEFENDANT: BENCHMARK INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE:  $ _____          _____
                            _____ of _____
County, Texas
                                      By: _____
_____          Deputy
        Affiant

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                            _____
                                      Notary Public

8/24/2022 6:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67638455
By: Monica Jackson
Filed: 8/24/2022 4:23 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **ANDRE HUIZAR,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **\_\_ JUDICIAL DISTRICT** |
| | § | |
| **BENCHMARK INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION
## EXPEDITED ACTION UNDER TRCP 169

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANDRE HUIZAR (herein "Plaintiff"), who files this, its Original Petition and Requests for Disclosure, against BENCHMARK INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

### I.

### Discovery Control Plan

1. Discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

### II.

### Preliminary Information and Definitions

2. Insured:              ANDRE HUIZAR (herein "Plaintiff")

   Policy Number:         SB01-012910-00 (herein "Policy")

   Claim Number:          SWYBMHO00622 (herein "Claim" or "Claim Number")

   Date of Loss:          FEBRUARY 16, 2021 (herein "Date of Loss")

   Insured Property:      833 BAKER DR TOMBALL, TX 77375

                         (herein "Property" or "Insured Property")

   Insurer:               BENCHMARK INSURANCE COMPANY (herein "Defendant")

### III.

#### Request for Expedited Trial Date

3. Plaintiff requests that the court set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

### IV.

#### Parties

4. Plaintiff is an individual who resides in Texas.

5. Defendant is a Texas "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

6. Defendant's Attorney for Service is: CORPORATION SERVICE COMPANY at 211 EAST 7TH STREET SUITE 620, DALLAS, TX 78701-3218.

### V.

#### Jurisdiction

7. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks only monetary relief of $500,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

8. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

### VI.

### Venue

9. Venue is proper in HARRIS County, Texas because the insured property is situated in HARRIS County, Texas and/or the contract was signed in HARRIS County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032

## VII.

### Facts

10. Plaintiff was the owner of the Policy issued by Defendant. Plaintiff owns the insured property.

11. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue.

12. Plaintiff submitted its claim to Defendant with a Date of Loss for their damages.

13. Defendant assigned a Claim Number to Plaintiff's claim.

14. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious damages.

15. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy provided coverage for losses such like those suffered by Plaintiff.

16. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

17. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

18. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

19. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

20. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

21. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

22. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging

Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information

reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of

Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of* Claims

*Act.* TEX. INS. CODE § 542.055.

23. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days

   of receiving all required information. Defendant's conduct constitutes a violation of the *Texas*

   *Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

24. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of

   claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs claims longer

   than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's

   conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE §

   542.055.

25. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to

   pay the full claims in accordance with the terms of the policy was reasonably clear. However,

   Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a

   reasonable insurance company would have relied on to deny the full payment. Defendant's conduct

   equates to breaches of the common law duty of good faith and fair dealing.

26. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is

   representing Plaintiff in this cause of action.

27. Plaintiffs experience is not an isolated case. The acts and omissions Defendant committed in this

   case, or similar acts and omissions, occur with such frequency that they constitute a general business

   practice of Defendant with regard to handling these types of claims. Defendant's entire process is

   unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VIII.

### Causes of Action:

28. Plaintiff incorporates Paragraphs 1 to 26 by reference.

### COUNT 1:

### Breach and Anticipatory Breach of Contract

29. Defendant 's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff. Plaintiff anticipates that Defendant will continue in such breaches of contract.

30. Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

31. Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541. All violations under this article are made actionable by TEX. INS. CODE § 541.151.

32. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

33. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability

under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

34. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

35. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

36. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

37. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

38. Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-

payment of the claims. TEX. INS. CODE § 542.055-542.060.

39. Defendant's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2:

### Breach of the Duty of Good Faith and Fair Dealing

40. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts. See: *State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). (Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.)

41. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy.

## COUNT 3:

### Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

42. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

43. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

44. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

    a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c.    Advertising goods or services with intent not to sell them as advertised;

    d.    Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

    e.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    f.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

    g.    Failing to disclose information concerning goods or services which was known at the time of

the transaction and such failure to disclose such information was intended to induce the

consumer into a transaction into which the consumer would not have entered had the

information been disclosed; and/or

h.        Engaging in an unconscionable course of conduct.

## COUNT 4:

### Violations of Texas Prompt Payment of Claims Act:

### Texas Insurance Code, Chapter 542:

### Strict Liability with No Good Faith Exception

45. Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

46. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

47. As described above, Defendant failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

a.        Acknowledge the claim. Defendant failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

b.        Record the acknowledgement. Defendant failed to make a record of the date, means, and

---

[1] TEX. INS. CODE § 542.055(a)

content of the acknowledgement.  TEX. INS. CODE § 542.055(c);

c.      Commence the investigation.  Defendant failed to make commence a reasonable

investigation of the claim.  TEX. INS. CODE § 542.055(a)(2); and/or

d.      Request information from the claimant.  Defendant failed to request from the Plaintiff all

items, statements and forms reasonably needed from Plaintiff.  TEX. INS. CODE §

542.055(a)(3).

48. As described above, Defendant failed to perform one or more of the following duties after Defendant

received all items, statements, and forms reasonable required by the Plaintiff:

a.      Accept of reject the claim.  Defendant failed to notify Plaintiff by the 15th "business day" that

Defendant either accepts or rejects the claim.[23]  TEX. INS. CODE § 542.056(d);

b.      State reasons for any rejection.  Defendant failed to notify Plaintiff of any reasons for

denying such claim.  TEX. INS. CODE § 542.056(c);

c.      Ask for more time and tell why it is needed.  Defendant failed to notify Plaintiff it needed

more time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

d.      Pay the claim after accepting.  Defendant failed to pay the claim within five "business days"

or twenty days if Defendant is a surplus lines insurer.  TEX. INS. CODE § 542.057(a),(c);

e.      Pay the claim after the claimant performs any condition.  If Defendant sought a condition on

Plaintiff, it did not pay such claim within five "business days" or twenty days if Defendant is

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension. TEX. INS. CODE § 542.056(d)

a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f.    Pay the claim within 60 days after receipt of information.  Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff.  TEX. INS. CODE § 542.058(a).

## COUNT 5:

### Unfair Insurance Practices:

### Texas Insurance Code, Chapter 541

49. Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

50. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

a.    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

    i.    with respect to which the Defendant's liability has become reasonably clear; or

    ii.    a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment

---

[4] TEX. INS. CODE § 541.060

under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c.  failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

d.  failing within a reasonable time to:

   i.  affirm or deny coverage of a claim to Plaintiff;

   ii.  submit a reservation of rights to a Plaintiff;

e.  refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

f.  undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

g.  requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

51. Defendant may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[5]:

---

[5] TEX. INS. CODE § 541.151

a.    misrepresentations and false advertising of policy contracts;

b.    false information and advertising generally;

c.    defamation of insurers or persons engaged in the business of insurance;

d.    boycott, coercion, and intimidation in the business of insurance;

e.    false financial statements;

f.    stock operations and advisory board contracts;

g.    unfair discrimination;

h.    rebates;

i.    deceptive names, words, symbols, devises, and slogans; and/or

j.    misrepresentation of the insurance policies;

52. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

a.    making an untrue statement of material fact;

b.    failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

c.    making a statement in such manner as to mislead a reasonably prudent person to a false

---

[6] TEX. INS. CODE § 541.061

conclusion of a material fact;

d.      making a material misstatement of law; and/or

e.      failing to disclose a matter required by law to be disclosed, including failing to make

disclosure in accordance with an other provision of the insurance code.

## COUNT 6:

### Fraud

53. Defendant knowingly and with reckless disregard for the Plaintiff in the course of handling of this

subject claim made false statements, misrepresented material facts, and engaged in actions and/or

omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril

and Plaintiff having relied upon such fraudulent conduct, have been injured.

54. Defendant knowingly and with the reckless disregard for the Plaintiff in the course of handling of

this subject claim made false statements, misrepresented material facts, and engaged in actions

and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance

benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent

conduct, have been injured.

55. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such

fraudulent conduct thereby causing Plaintiff to suffer injury.

## COUNT 7:

### Ongoing Conspiracy to Commit Illegal Acts

56. Defendant was a member of a combination of two or more persons whose object was to accomplish

the stated illegal acts upon Plaintiff. Defendant, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

57. Defendant, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

58. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## IX.

### Damages and Prayer

59. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

    a.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b.  For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c.  For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees. See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.) For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages. See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d.  For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled. See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated. Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer. Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the

claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied). Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997). Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.    For breach of the common law duty of good faith and fair dealing, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury.  See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).  Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f.    For fraud, Plaintiff seeks damages for breach of contract.  *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e).  Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined by the jury.  TEX. CIV. PRAC. & REM. § 41.003(a)(1).

g.    For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the conspirators caused Plaintiff along with exemplary damages as determined by the jury.

h.    Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law.  If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $750 an hour.  See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied).  Attorney's fees are awarded to a party as part of the

damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

i.    Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## X.

## RESERVATION OF APPRAISAL RIGHTS

60. By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claims Plaintiff asserts in this lawsuit.

## XI.

## AFFIRMATIVE DEFENSES

61. *Waiver.* Defendant has waived certain policy conditions, duties imposed on the Plaintiff, and terms of coverage of the insurance policy at issue.

62. *Contra Proferentem.* Defendant's contract is unilateral and in the event of ambiguity must be held against the drafter.

## XII.

## JURY DEMAND

63. Plaintiff respectfully demands a trial by jury and will remit this fee at the appropriate time.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
eric@dicklawfirm.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

**EXHIBIT A:**
**PLAINTIFF'S REQUIRED DISCLOSURES**

1. The correct names of the parties to the lawsuit;

**RESPONSE:  The parties have been correctly named. Otherwise, will supplement.**

2. The name, address, and telephone number of any potential parties;

**RESPONSE:  None at this time. Otherwise, will supplement in the event other potential parties are discovered.**

3. The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial)

**RESPONSE:**

- Plaintiff was the owner of the Policy issued by Defendant.  Plaintiff owns the insured property.

- Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue, and suffered additional living expenses.

- Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of the home.

- Defendant assigned a Claim Number to Plaintiff's claim.

- Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

- Defendant improperly paid Plaintiffs claim for replacement of the property, even though

1

the policy provided coverage for losses such as those suffered by Plaintiff.

- Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

- Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

- Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

- Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

2

- Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

- Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

- Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of* Claims *Act.* TEX. INS. CODE § 542.055.

- Defendant failed to accept or deny Plaintiffs full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

- Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt*

3

*Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

- From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

- As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

- Plaintiffs experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

    o **Breach and Anticipatory Breach of Contract**

- Defendant 's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff.  Plaintiff anticipates that Defendant will continue in such breaches of contract.

- Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential

4

damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

- Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541. All violations under this article are made actionable by TEX. INS. CODE § 541.151.

- Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

- Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

- Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

- Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights

5

to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

- Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

- Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

- Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

- Defendant's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

- ### Breach of the Duty of Good Faith and Fair Dealing

- Defendant's conduct constitutes a breach of the common law duty of good faith and fair

6

dealing owed to insured's in insurance contracts.  See: *State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.

- Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy.

  o **Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent**

- Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

- Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

- At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade

7

Practices Act in one or more of the following manners:

o  Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

o  Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

o  Advertising goods or services with intent not to sell them as advertised;

o  Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

o  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

o  Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

o  Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

o  Engaging in an unconscionable course of conduct.

o  **Violations of Texas Prompt Payment of Claims Act: Texas Insurance Code, Chapter 542: Strict Liability with No Good Faith Exception**

8

- Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

- As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

- As described above, Defendant failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

- Acknowledge the claim. Defendant failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

- Record the acknowledgement. Defendant failed to make a record of the date, means, and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

- Commence the investigation. Defendant failed to make commence a reasonable investigation of the claim. TEX. INS. CODE § 542.055(a)(2); and/or

---

[1] TEX. INS. CODE § 542.055(a)

- Request information from the claimant.  Defendant failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff.  TEX. INS. CODE § 542.055(a)(3).

- As described above, Defendant failed to perform one or more of the following duties after Defendant received all items, statements, and forms reasonable required by the Plaintiff:

- Accept of reject the claim.  Defendant failed to notify Plaintiff by the 15th "business day" that Defendant either accepts or rejects the claim.[23] TEX. INS. CODE § 542.056(d);

- State reasons for any rejection.  Defendant failed to notify Plaintiff of any reasons for denying such claim.  TEX. INS. CODE § 542.056(c);

- Ask for more time and tell why it is needed.  Defendant failed to notify Plaintiff it needed more time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

- Pay the claim after accepting.  Defendant failed to pay the claim within five "business days" or twenty days if Defendant is a surplus lines insurer.  TEX. INS. CODE § 542.057(a),(c);

- Pay the claim after the claimant performs any condition.  If Defendant sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension.  TEX. INS. CODE § 542.056(d)

Defendant is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

- Pay the claim within 60 days after receipt of information. Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff. TEX. INS. CODE § 542.058(a).

  o **Unfair Insurance Practices: Texas Insurance Code, Chapter 541**

- Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

- Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

- misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

  o with respect to which the Defendant's liability has become reasonably clear; or

    ▪ ii.    a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of

---

[4] TEX. INS. CODE § 541.060

11

the coverage, unless payment under one portion of the coverage

constitutes evidence of liability under another portion of the policy;

- failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

- failing within a reasonable time to:

    o affirm or deny coverage of a claim to Plaintiff;

        ▪ ii.    submit a reservation of rights to a Plaintiff;

- refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

- undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

- requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

- Defendant may have engaged in one or more of the following settlement practices with

12

respect to a claim made by Plaintiff[5]:

- misrepresentations and false advertising of policy contracts;

- false information and advertising generally;

- defamation of insurers or persons engaged in the business of insurance;

- boycott, coercion, and intimidation in the business of insurance;

- false financial statements;

- stock operations and advisory board contracts;

- unfair discrimination;

- rebates;

- deceptive names, words, symbols, devises, and slogans; and/or

- misrepresentation of the insurance policies;

- Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

- making an untrue statement of material fact;

---

[5] TEX. INS. CODE § 541.151
[6] TEX. INS. CODE § 541.061

13

- failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

- making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

- making a material misstatement of law; and/or

- failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

### **Fraud**

- Defendant knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, have been injured.

- Defendant knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, have been injured.

- The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

14

### Ongoing Conspiracy to Commit Illegal Acts

- Defendant was a member of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff. Defendant, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

- Defendant, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

- The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

4. Category of damages claimed by the responding party—who must also make available for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

**RESPONSE:**

- Plaintiff fully incorporates its demand letter previously sent to Defendant by reference.

- Plaintiff seeks actual damages to their property which could consist of their structure.

- Plaintiff seeks any costs associated with mitigating their damages, if applicable.

- Plaintiff seeks damages associated with their loss of use, if applicable.

- Plaintiff seeks damages associated with loss of their personal property.

- Plaintiff seeks statutory interest.

- Plaintiff seek both prejudgment and post judgment interest.

- Plaintiff seeks costs for filing suit.

- Because Defendant's actions were knowingly and willingly, Plaintiff seeks three times damages.

- Plaintiff seeks punitive damages to the extent allowed by law, which are be determined by the jury.

- Plaintiff seeks attorney fees at contingency fee based on the total claim which is customary for causes of action such as this. If attorney fees must be determined hourly, Plaintiff seeks attorney fees at an hourly rate of $750.00.

- Plaintiff seeks mental anguish, if applicable.

5. The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**RESPONSE:**

**PLAINTIFF**
**C/O DICK LAW FIRM, PLLC**
**3701 Brookwoods Dr.**
**Houston, Texas 77092**
**832-207-2007**

**Furthermore, Plaintiff fully incorporates by reference all persons identified by any party, former party, and/or settling party as a person having knowledge of relevant facts and specifically reserves the right to call such person(s) to trial to testify in this matter. Additionally, Plaintiff incorporates by reference all the parties to this lawsuit, all the documents and personnel referred to in the records of Defendant, any and all close friends, and family members of the Defendant, any and all persons identified in any party, former**

16

**party, and/or settling party's (1) Interrogatories, (2) Request for Production, (3) Fact Witness List, (4) Designation of Experts (5) Any Depositions That May be Taken in This Matter, (6) Documents Exchanged in Discovery and (7) Custodian of Records.**

6. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE: Plaintiff has provided a demand Defendant that outlines its claim for relief which is to be fully incorporated by reference. Otherwise, if additional documents exist and then they should be in Defendant's possession. Otherwise, Plaintiff will supplement any further documents it has in its possession, custody, or control as they become available. Applicable documents are as follows:**

- **Estimates of Plaintiff's Damages**
- **Appraisal Award, If Applicable.**
- **Expert Reports, If Applicable.**

7. Any discoverable indemnity and insuring agreements;

**RESPONSE:  See Plaintiff's Insurance Policy with Named Defendant**

8. Any discoverable settlement agreements;

**RESPONSE:   None at this time.**

9. Any discoverable witness statements;

**RESPONSE:  None at this time.**

10. All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

**RESPONSE:  None at this time.**

11. All medical records and bills obtained by the responding party by virtue of an authorization furnished by my client;

**RESPONSE:  None at this time.**

12. The name address and phone number of any person who may be responsible as a third party;

**RESPONSE: None at this time.**

**EXHIBIT B:**
## PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO § 541.161 OF THE TEXAS INSURANCE CODE AND § 17.5051 OF TEXAS BUSINESS AND COMMERCE CODE AND BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

This Motion to Compel Mediation is brought in accordance with § 541.161 of the Texas Insurance Code and § 17.5051 of Texas Business and Commerce Code by Plaintiff. In support, they show:

### I.
### SUMMARY OF THE CASE

1.     This is a lawsuit regarding damage to an insured property.

2.     Pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code, Plaintiff asks this court to compel a mediation in an attempts to timely resolve this dispute.

### II.
### ISSUE PRESENTED

3.     At the request of a party, not later than the 90th day after the date a pleading for relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

### III.
### MOTION TO COMPEL MEDIATION

4.     To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.     Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.     Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the Federal Rules. Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code § 541.161 and Tex. Bus. & Com. Code § 17.5051, paid in advance directly to the mediator, and taxed as costs.

7.    Plaintiff prays that the Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code.

**IV.**
**BRIEF IN SUPPORT OF MOTION TO COMPEL**
**MEDIATION**

8.    § 541.161(a)&(b) of the Texas Insurance Code and § 17.5051(a)&(b) of Texas Business and Commerce Code states:

> A party may, not later than the 90th day after the date a pleading for relief under this subchapter is served, file a motion to compel mediation of the dispute in the matter provided by this section. **The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.**

9.    § 541.161(c)&(d) of the Texas Insurance Code and § 17.5051(c)&(d) of Texas Business and Commerce Code states:

> The court shall appoint a mediator if the parties do not agree on a mediator. The mediation must be held not later than the 30th day after the date the order is signed, unless:
>
> (1) the parties agree otherwise; or
>
> (2) the court determines that additional time not to exceed 30 days is warranted.

10.    Plaintiff has filed a pleading for relief under § 541 of the Texas Insurance Code and/or § 17 of Texas Business and Commerce Code that was served on Plaintiff within 90 days from this motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for mediation to be held not later than the 30th day after such order is signed.

**V. PRAYER**

11.    For these reasons Plaintiff prays that this court sign an order setting the time and place for mediation to occur within 30 days from such order and further names a duly qualified mediator.

Respectfully Submitted,

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## TEXAS INSURANCE CODE § 541.161

§ 541.161. MEDIATION.   (a) A party may, not later than the 90th day after

the date a pleading seeking relief under this subchapter is served, file a

motion to compel mediation of the dispute in the manner provided by this

section.

      (b)   The court shall, not later than the 30th day after the date a motion

under this section is filed, sign an order setting the time and place of the mediation.

      (c)   The court shall appoint a mediator if the parties do not agree on a

mediator.

      (d)   The mediation must be held not later than the 30th day after the

date the order is signed, unless:

            (1)   the parties agree otherwise;            or

            (2)   the court determines that additional time not to exceed 30

days is warranted.

      (e)   Each party who has appeared in the action, except as agreed to

by all parties who have appeared, shall:

            (1)   participate in the mediation;            and

            (2)   except as provided by Subsection (f), share the

mediation fee.

      (f)   A party may not compel mediation under this section if the amount of

actual damages claimed is less than $15,000 unless the party seeking to compel

mediation agrees to pay the costs of the mediation.

      (g)   Except as provided by this section, the following apply

to the appointment of a mediator and the mediation process provided by this section:

(1)    Section 154.023, Civil Practice and Remedies Code;

and

(2)    Subchapters C and D, Chapter 154, Civil Practice and

Remedies Code.


Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005

## TEXAS BUSINESS AND COMMERCE CODE § 17.5051

Sec. 17.5051.          MEDIATION.

(a)          A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

(b)    The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c)    If the parties do not agree on a mediator, the court shall appoint the mediator.

(d)    Mediation shall be held within 30 days after the date the order is signed, unless the parties agree otherwise or the court determines that additional time, not to exceed an additional 30 days, is warranted.

(e)    Except as agreed to by all parties who have appeared in the action, each party who has appeared shall participate in the mediation and, except as provided by Subsection (f), shall share the mediation fee.

(f)    A party may not compel mediation under this section if the amount of economic damages claimed is less than $15,000, unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g)    Except as provided in this section, Section 154.023, Civil Practice and Remedies Code, and Subchapters C and D, Chapter 154, Civil Practice and Remedies Code, apply to the appointment of a mediator and to the mediation process provided by this section.

(h)    This section does not apply to an action brought by the attorney general under Section 17.47.

Added by Acts 1995, 74th Leg., ch. 414, Sec. 7, eff. Sept. 1, 1995.

**EXHIBIT C:**
**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

NOW COMES, Plaintiff who files this, it's Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

**Plaintiff may call the following experts:**

1.  Richard Gadrow
    30719 Meadow Edge Drive
    Magnolia, Texas 77354
    *General Contractor/Estimator*

The above-named witnesses may be called to testify as property experts about the nature, existence of damage, loss cause (ie: hailstorm, fire, pipe explosion, sudden and accidental water loss, freeze damage, etc.), and value of Plaintiff's property and similar property. He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff or Defendant in connection with their claim.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property. His estimate of the damages has been provided, if not, will be provided at an appropriate time.

He is an estimator who is expected to testify regarding his investigation and handling of Plaintiff's claim, including the cause, origin, scope of damage and costs of repair. He will testify that he properly identified and estimated the scope and amount of damage made the basis of Plaintiff's claim subject to this lawsuit.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim. The above-designated expert used Xactimate in quantifying the loss suffered. Xactimate is a computer software system for estimating construction costs that insurance companies have widely used in the past decade. Insurance company adjusters use it to calculate building damage, repair, and rebuilding costs. Adjusters use Xactimate to generate loss estimates and claim settlement offers.

He is expected to opine the following: (1) the insured location sustained damage during the effective policy period and the proper scope of repairs to address the aforementioned damages is reflected in the estimate previously produced or to be produced ; (2) evidence of covered damages warranting replacement of the estimated damages was obvious and reasonably clear during his site inspection and an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage for the aforementioned reasonably clear damages; (3) to the extend Defendant failed to acknowledge and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad

faith; (4) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (5) the insured was underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation.

The measurement of damages resulting from insured losses, construction defects, contract disputes, property loss, consequential loss, and other occurrences is something Mr. Gardrow has a great deal of expertise in. Having worked in the construction industry for both owners and contractors, he has extensive knowledge, and a solid objective background in measuring property damage claims and the actual damages suffered. Plaintiff has provided the report created by Mr. Gadrow, which dictates a thorough summary of this expert's findings and opinions, the investigation he conducted in this case, and the facts and data he considered in reaching those conclusions and beliefs. Additional information he used in making any opinions, if any, can be supplemented if not attached.

Mr. Gadrow is a professional trained in Xactimate and created an independent estimate for repairing or replacing damaged or destroyed property. The pricing is based on a median survey. Furthermore, evidence will show that Xactimate provides the construction industry with access to the most accurate and up-to-date pricing databases currently available. At least once each quarter, Xactimate distributes structural repair and cleaning pricing lists for 460 different economic zones, with new price lists being added as needed. Each structural repair and cleaning database has more than 10,000 unit-cost line items, which is a significant amount of information.

In addition, the Xactimate report created by Mr. Gadrow may give one or more of the following information for each line item:
- Costs of labor
- Rate in the workplace (for new construction and restoration)
- The cost of labor and overhead
- Costs of materials
- Equipment costs.

For example, the expenses reflect the issues of insurance repair, with unit rates for operations such as mold removal, water extraction, hazardous cleanup, and much more included in the cost breakdown. Insurance firms widely use Xactimate's to handle most claims involving property damage. Insurance repair contractors and service providers who utilize computerized estimating systems rely on Xactimate data.

2. Gary Johnson
   2605 Red River Trail
   Deer Park, TX, 77536
   832-788-7119
   g3171955@aol.com
   *Appraiser*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, loss cause (ie: hailstorm, fire, pipe explosion, sudden and accidental

water loss, freeze damage, etc.), and value of Plaintiff's property and similar property. He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property. His estimates will be supplemented and are incorporated by reference.

He is an appraiser who is expected to testify regarding his investigation and handling of Plaintiff's claim, including the cause, origin, scope of damage and costs of repair. He will testify that he properly identified and estimated the scope and amount of damage made the basis of Plaintiff's claim subject to this lawsuit.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

He may opine the following: (1) the insured location sustained covered damage during the effective policy period and the proper scope of repairs to address the aforementioned damages is reflected in the estimate previously produced or to be produced ; (2) evidence of covered damages warranting replacement of the estimated damages was obvious and reasonably clear during his site inspection and an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage for the aforementioned reasonably clear damages; (3) to the extend Defendant failed to acknowledge and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (4) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (5) the insured was underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation.

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.

3.  Shiran Perera, P.E.
    3139 W. Holcolme Blvd.
    Suite 2039, Houston, TX 77025
    Phone No. (832) 766-1414
    *Engineer*

The above-named witnesses may be called to testify regarding the causation, nature, existence of damage at the insured property Said expert will base opinions on their respective training, education, experience, and review of the reports, and data, and other documents previously produced or to be produced in this case. His reports, if not attached, with be produced and are incorporated by reference. His resume is available upon request. His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

Shiran Perera is an engineer who is expected to opine as follows: an event (ie: hail, wind, fire, pipe burst, freeze, water loss, etc) occurred at the insured location during the policy period and said event caused damaged to the insured property. The above-designated expert may have thoroughly investigated the circumstances of the event to the extent necessary to form a technical or scientific opinion as to its origin and cause. He may present this opinion appropriately such that his client can make a coverage decision or take other actions, as necessary. The investigation may involve an off-site investigation as deemed appropriate. In addition to the origin and cause, the Mr. Perera may provide an opinion on the time frame in which the event occurred. He may provide rationale upon which each of his views is based – the technical and scientific basis used to form the opinion. He may demonstrate these verbally or in writing and through photography such that both technical and non-technical recipients of the information can understand the views. In addition, Mr. Perera's opinions could involve a review of documentation only.

Shiran Perera's expert opinions may involve one or more of the following:
- Inspection of real property (off-site or on-site);
- Interviewing of involved parties;
- Review of documents — reports, estimates, photographs, correspondence, etc.;
- Determination of the origin and cause of an event;
- Determination of the time frame of an event;
- Assessment of construction defects;
- Determination of the continued viability of a structure, post-event;
- Preparation of scope of repair or protocols for repair;
- Preparation of an estimate of repair;
- Research of product history;
- Testing of products;
- Participation in joint inspections and testing with other engineers;
- Presentation of a verbal report;
- Preparation of a written report;
- Determination of the potential for subrogation;
- Critique of an engineering report authored by others
- Rebuttal to a review of a report prepared by the forensic engineer.

Plaintiff may supplement additional documents, if they become available, for a complete statement of Shiran Perera's findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

4.  Matt Morgan
    503 FM 359, Suite 130, #264;
    Richmond, Texas 77469
    Email: Matthew.morgan@messtx.com
    *Bad Faith Expert*

Said expert will base opinions on his respective training, education, experience, and review of the reports, insurance application, claim file, and data, and other documents previously produced or to be produced in this case.

The above-named witnesses may be called to testify as insurance professional with regard to what a reasonable and prudent insurance adjuster and/or insurance company would have done in processing the insurance claim subject to this lawsuit. More so, what actions taken by an insurance company and its agents constitute good faith and/or bad faith. Said expert will base opinions on their respective training, education, experience, and review of the insurance policy application, data, and other documents previously produced or to be produce in this case.

He is a licensed adjuster who expected to testify regarding his investigation and Defendant's handling of Plaintiff's claim. It is expected that he will testify that the Defendant did not exercise good faith while adjusting Plaintiff's claim.

He will testify that it is his experience that an insurance company while acting in good faith will look for ways that an insurance policy will pay benefits. Basically, he will testify that it is common practice for insurance companies to give policy holders the benefit of the doubt. His opinions are that the underlying claim was handled in bad faith because Defendant was looking for ways to avoid paying policy benefits. More specifically, that a sign of an insurance company acting in bad faith is when they give little to no weight as to the facts and circumstances as depicted by the insured. Finally, he will testify that the insurance carrier participated in appraisal in bad faith.

His opinions are within his claim report, deposition, and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection, and personal knowledge of his investigation and reviewing the handling of the claim.

The above-named witnesses may be also called to testify as insurance professional and legal expert with regard to what constitute a valid defense of fraud. More specifically, he will testify that the Defendant would be incorrect is claiming fraud because there is a lack of materiality and/or there no material evidence showing intent to deceive on behalf of the insured.

Plaintiff will supplement documents for a complete statement of his findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, cause and value of Plaintiff's property and similar property. He may also offer testimony concerning the estimate and reports prepared by individuals utilized by Plaintiff in connection with their claim. He may also provide an opinion as to the causation of

damages. Said experts will base opinions on their respective training, educations, experience, and review of the reports, estimates, and date, and other documents previously produced or to be produced in this case and each respective inspection of said property. His estimates will be supplemented and are incorporated by reference.

His report and resume, if any, will be supplemented if not attached.

Additional information he used in making opinions will be supplemented.

5. Billy Bray
   2555 Bering Drive, Suite 20;
   Houston, Texas 77057
   Phone: (281) 222-4585
   Email: Braygroup@gmail.com
   *Insurance Agent*

The above-named witnesses may be called to testify as property experts with regard to the subject loss and insurance policy at issue. He may also offer testimony concerning that the subject loss is covered under the insurance policy at issue and that a reasonable insurance carrier would have quickly and promptly paid the underlying loss.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, insurance policies, and date and other documents previously produced or to be produced in this case and each respective inspection of said property. His reports, if any, if not provided will be supplemented and are incorporated by reference.

He is an licensed agent who is expected to testify regarding his investigation of Plaintiff's claim, including the policy, exclusions, duties and conditions in applicable in the policy. He will testify that the subject loss is covered peril under the insurance policy at issue and no exclusions apply. He will testify that a reasonable insurance carrier would have promptly paid the underlying claim and not required Plaintiff to resort to litigation.

His opinions are within his report, deposition, and correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation of the claim.

His is expected to opine the following: (1) the insured sustained covered loss during the effective policy period (2) the proper scope of repairs to address the aforementioned damages is reflected in the estimates or appraisal awards previously produced or to be produced; (3) evidence of covered damages was obvious and reasonably clear; (4) an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage for the aforementioned reasonably clear damages; (5) to the extend Defendant failed to acknowledge and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (6) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (7) the insured was underpaid for this claim and Defendant knew or should have known that its

claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions [SEP]

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.

6. Greg Degeyter
   9898 Bissonnet, Suite 620
   Houston, Texas 77036
   *Meteorologist*
   (713) 505-0524

The above-named witnesses may be called to testify as weather events with regard to the nature, existence of wind and hail (or other event) at the insured property Said expert will base opinions on their respective training, education, experience, and review of the reports, and data, and other documents previously produced or to be produced in this case. His reports, if not attached, with be produced and are incorporated by reference.

This expert may testify about:
- Adapting forecasts to their local locations using sophisticated computer models and data collected worldwide. He may specialize in giving extremely technical information on difficult weather occurrences.
- Forensic meteorology which could investigate meteorological conditions from the past and provides information on them.
- His research may show how the weather may have influenced the incident, which concerns this legal action.
- The weather-related technology, such as data collection instruments and computer models that he used or is commonly used in meteorology.
- About existing or creating digital weather displays.

This expert may provide testimony on determining atmospheric processes and occurrences to anticipate the weather effectively.

This expert may utilize or create any of the following:
- Forecasts or newscasts
- Weather visuals for internal and external stakeholders to communicate information.
- Digital media channels.
- Weather science.
- The latest industrial and scientific developments by reviewing current literature.
- Provide reliable weather forecasts by analyzing the weather.
- Ascertain that weather content adheres to integrity standards.

- Have a thorough understanding of, or 'intuition' about, the meteorological conditions in the relevant areas.
- Evaluate, consider, or provide information regarding beaking weather reports.
- Provide weather, UV levels, or air quality issues such as allergies and pollution information.
- Conduct meteorological research and develop accurate predictions using computer modeling
- Analyze atmospheric data to look for trends and correlations.
- Present scientific findings and reports
- Issue weather advisories and warnings in the event of severe weather, high UV levels, or poor air quality.

Greg Degeyter is a meteorologist who is expected to testify that weather events (hail, wind, fire, freeze, explosion, etc.) occurred at the insured location during the policy period.

Greg Degeyter's opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

Plaintiff will supplement documents, if not attached, for a complete statement of Greg Degeyter findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

7. Rebecca Cole
   Phone:281-799-9416
   Email:rebecca@rebeccacole.net
   *Mental Health Expert*

The expert, as mentioned above, is an expert witness that may be crucial in determining what constitutes pain and suffering, notwithstanding the subjective nature of the term. This expert can be a damages specialist that may provide testimony and opinions establishing the worth of the injury caused and the monetary amount that should be awarded to the plaintiff in general.

Mental agony commonly refers to a relatively significant level of mental pain and suffering inflicted by one person on another. In personal injury situations, the party who claims to have suffered emotional distress can file a cause of action against the other party to seek damages. This word is sometimes used interchangeably with emotional anguish in tort law. Physical trauma and injury are frequently associated with the infliction of emotional suffering.

Said expert can be hired to break down the sums claimed by the plaintiff, such as compensatory damages, lost earnings, medical bills, and predicted future losses. This expert can be helpful for more than just monetary losses and may also testify and may determine the economic value of pain and suffering.

To evaluate the severity and persistence of the pain, it must first be determined what is causing it. With experience in the relevant practice areas and treatment of the injuries in question, the expert mentioned above should be able to testify and decide on the plaintiff's current and future pain. Furthermore, this is a trained expert that should be able to testify whether pain exists, to

what intensity, and for how long, to a fair degree of certainty. Such testimony can aid in determining the general scope of the harm.

Said expert may also testify and help a jury understand the plaintiff's psychological or emotional concerns regarding mental agony. Because mental disease or suffering is "unseen" anguish, said expert will be immensely helpful in assisting the jury in comprehending the gravity of the injury.

Such mentioned experts may testify that compensation for emotional damages that the plaintiff has sustained and will endure in the future is part of the plaintiff's general damages or non-economic damages. Plaintiff's recovery is not only for physical property damages but also for all resulting fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror, or ordeal resulting from dealing with the insurance carrier.

For emotional damages, the above-designated expert may be prepared to address or include one of the following issues:

- Test and initiate appropriate treatment, if necessary

- Define important terms

- Discuss the plaintiff's level of functioning

- Explain the plaintiff's emotional challenges and hardships and effects on day-to-day life

- Discuss the plaintiff's future needs and the costs of those needs

- Explain the link between liability and damages

Said expert may assist the jury through testimony in determining an award for emotional damages. And for future emotional damages, said expert may provide testimony that helps the plaintiff prove that the plaintiff is reasonably sure to suffer that harm in the future.

This expert could testify regarding the nature of the plaintiff's injuries and whether the defendant's actions caused them and may evaluate the injured party in person or check the records and communicate through remote means. Said expert may elaborate on claims for non-economic damages like pain and suffering, mental anguish, etc.

This expert may detail the emotional damages suffered by the plaintiff. In addition, it may determine a value for the plaintiff's emotional damages and precisely identify a diagnosis of your client's emotional injuries. Specific diagnoses of emotional wounds can include the following:

- Post-Traumatic Stress Disorder (PTSD)

- Generalized Anxiety Disorder

- Phobias

- Panic Disorder

• Personality Disorder

• Dysthymia (Depressive Neurosis)

• Major Depression/Major Depressive Event

## II.

**Plaintiff may call the following experts who are retained by, employed by, or otherwise subject to the control of the responding party**

1. **DICK LAW FIRM, PLLC**
   Hon. Eric Dick, LL.M.
   Dick Law Firm, PLLC
   3701 Brookwoods Dr.
   Houston, Texas 77092
   (832) 207-2007
   www.dicklawfirm.com

**(A)  all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;**

**(B)  the expert's current resume and bibliography;**

**(C)  the expert's qualifications, including a list of all publications authored in the previous 10 years;**

**(D)  a list of all other cases in which, during the previous four years, the expert testified as an expert at trial or by deposition; and**

**(E)  a statement of the compensation to be paid for the expert's study and testimony in the case.**

In determining reasonable and necessary attorney fees, Plaintiff's counsel may use the following matters to perform an analysis:

| Plaintiff | Defendant | Cause Number | Venue | Attorney Fees | Type |
|-----------|-----------|--------------|-------|---------------|------|
| AJM Investments | United National | 201037580 | Harris | $159,300.00 | Total |
| | | | | $99,300.00 | Trial |
| | | | | $30,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Battle, Malcolm | Cypress Texas Lloyds | 200924337 | Harris | $132,900.00 | Total |
| | | | | $132,900.00 | Trial |

| | | | | | |
|---|---|---|---|---|---|
| Bent, Stacey | USAA | 201057135 | Harris | $185,000.00 | Total |
| | | | | $185,000.00 | Trial |
| Cahill, John | Liberty Lloyds | E179743 | Jefferson | $344,000.00 | Total |
| | | | | $269,000.00 | Trial |
| | | | | $50,000.00 | COA |
| | | | | $25,000.00 | SCOT |
| Davis, John | National Lloyds | 201058199 | Harris | $75,000.00 | Total |
| | | | | $75,000.00 | Trial |
| Doctors Hospital 1997 | Beazely Insurance | H083340 | Houston Division | $250,000.00 | Total |
| | | | | $250,000.00 | Trial |
| Escuadra, Maria | Geovera | E185065 | Jefferson | $348,525.00 | Total |
| | | | | $313,525.00 | Trial |
| | | | | $15,000.00 | COA |
| | | | | $20,000.00 | SCOT |
| Fuentes, Candelario | State Farm | 201061039 | Harris | $304,545.00 | Total |
| | | | | $254,545.00 | Trial |
| | | | | $25,000.00 | COA |
| | | | | $25,000.00 | SCOT |
| Hayes, Joseph | USAA | 200963319 | Harris | $337,500.00 | Total |
| | | | | $237,500.00 | Trial |
| | | | | $50,000.00 | COA |
| | | | | $50,000.00 | SCOT |
| Jaw the Pointe | Lexington | 09CV1238 | Galveston | $230,000.00 | Total |
| | | | | $170,000.00 | Trial |
| | | | | $30,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Lewis, LaTosha | National Lloyds | B188072 | Jefferson | $350,000.00 | Total |
| | | | | $300,000.00 | Trial |
| | | | | $20,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Menchaca, Gail | USAA | 090504702CV | Montgomery | $130,000.00 | Total |
| | | | | $130,000.00 | Trial |
| Salinas, Oscar | State Farm | 110194 | Brownsville Division | $76,124.00 | Total |
| | | | | $76,124.00 | Trial |
| | | | Avg Total | $225,186.08 | |
| | | | Avg Trial | $195,607.23 | |
| | | | Avg COA | $31,428.57 | |
| | | | Avg SCOT | $30,000.00 | |
| | | | High Total | $413,525.00 | |
| | | | High Trial | $313,525.00 | |

| | |
|---|---|
| High COA | $50,000.00 |
| High SCOT | $50,000.00 |
| | |
| Low Total | $110,000.00 |
| Low Trial | $75,000.00 |
| Low COA | $15,000.00 |
| Low SCOT | $20,000.00 |

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Hon. Eric Dick:
- Hon. Eric Dick is a counsel of record for Plaintiffs in the underlying disputes.
- He has been practicing law since 2008 and personally handling over four-thousand matters involving first-party insurance claims.
- He has worked in the insurance industry since he was nineteen.
- He is a licensed insurance agent.
- He is a licensed real estate agent.
- He is licensed as a practicing attorney in the Northern, Southern, Eastern, and Western Federal Districts.
- He has provided expert testimony well above one hundred times consisting of hearings, mediations, bench trials, jury trials, etc.
- He has represented a wide variety of individuals of various nationalities and occupations over the State of Texas.
- He estimates that he has practiced law in 25% of the 254 counties in Texas.
- He has agreed with Plaintiff to provide him with legal representation in connection with this cause of action on a contingency fee basis.
- His fees will be based on any recoveries obtained in this matter.
- Mr. Dick may provide billing of attorney fees and costs for representation, which may be supplemented and is incorporated entirely by reference.
- In providing any report, Mr. Dick would have relied upon the pleadings filed by all the parties, the discovery exchanged by and between the parties, the file materials provided by the client, and damages reports by any applicable experts.
- During his representation of Plaintiff in this matter, Mr. Dick had investigated the claims, prepared pleadings.
- Mr. Dick anticipates he will respond to discovery when necessary and propounded discovery.
- Mr. Dick anticipates that there will be hearings and depositions along with further discovery.

- Mr. Dick believes this lawsuit could be mediated.
- If this settled is not settled, it will be tried by a judge or a jury.
- In his experience with first-party insurance claims, it is common for them to be handled by an attorney on a contingency fee basis.
- In his opinion, a fee for an attorney's services in connection with this matter based on a contingency percent of all recoveries obtained is reasonable. I
- It is a usual and customary fee for handling these types of cases in the State of Texas.
- At trial, he will testify to the reasonableness and necessity of these attorney's fees using the eight non-exhaustive factors (not to exclude any other relevant factors laid out in the Texas Disciplinary Rules of Professional Conduct 1.04(b):
    1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
    2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
    3. The fee customarily charged in the locality for similar legal services;
    4. The amount involved and the results obtained;
    5. The time limitations imposed by the client or by the circumstances;
    6. The nature and length of the professional relationship with the client;
    7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
    8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

More information on Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |
| College: | Rice University |
| Degree: | MBA (Pending) |

- Hon. Eric Dick has interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history.
- Hon. Eric Dick has interned for Harris County District Attorney's office is the Welfare Division
- Hon. Eric Dick was elected as a trustee for Harris County Department of Education.
- Hon. Eric Dick was elected as vice president for the board of trustees for Harris County Department of Education.
- Hon. Eric Dick was elected as president for the board of trustees for Harris County Department of Education
- CLE Taught: Hello, I'm an Expert: How TRCP 169 Affects the Expert Role by Eric Dick, owner / founder Dick Law Firm, PLLC.
  Description: In 2013 Texas Rules of Civil Procedure (TRCP) has been changed to allow expedited actions -TRCP 169. The speaker will discuss how these actions apply limits to

discovery and expert challenges. In addition, he will discuss some pitfalls experts can avoid during an expedited action.
- Eric Dick has been named by Super Lawyers as a Rising Star.

Mr Dick's report and resume, if not attached, may be provided to Defendant and are incorporated by reference. Information on Dick Law Firm is available at www.dicklawfirm.com

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties. Such expert will decide what reasonable fee is to be charged in this case per hour in consideration with several factors, including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;
- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
  o The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
  o The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
  o The fee customarily charged in the locality for similar legal services;
  o The amount involved and the results obtained;
  o The time limitations imposed by the client or the circumstances;
  o The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**



7021 2720 0001 2111 9196

**$10.13** US POSTAGE
8 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 2
RETAIL

082S0009180123
6023291
FROM 77092

stamps
endicia
08/30/2022

# USPS FIRST CLASS MAIL®

QUICK SERVICE PROS
4325 TULSA
HOUSTON TX 77092

C015

SHIP
TO:

BENCHMARK INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

## USPS CERTIFIED MAIL™



9414 7118 9922 3421 6807 33

CAUSE NO. 2022-53167

| | | |
|---|---|---|
| ANDRE HUIZAR, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | 133RD JUDICIAL DISTRICT |
| | § | |
| BENCHMARK INSURANCE COMPANY, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Clear Blue Insurance Company to file this its Original Answer and Jury Demand to Plaintiffs Original Petition Expedited Action Under TRCP 169 and in support thereof would show the Court the following:

## I.
## GENERAL DENIAL

1.    Without denying the existence and contents of the insurance policy in question, and while fully insisting upon each and every term, provision, condition, exclusion, and all paragraphs thereof, and to the extent consistent therewith, Defendant files this general denial in accordance with Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE and denies generally each and every, all and singular, the allegations contained in Plaintiffs Original Petition and demands strict proof thereof by a preponderance of the evidence in accordance with the laws of the State of Texas.

## II.
## SPECIAL DENIALS/CONDITIONS PRECEDENT

2.    For further answer and without waiving the foregoing, Defendant denies that all conditions precedent have been performed or occurred as required by Rule 54 of the Texas Rules of Civil Procedure.

3.    Defendant denies that it has breached any contract with Plaintiff or that the nonperformance of any conditions or conditions precedent to the contract is excused.

4.      Defendant denies that Plaintiff has performed all of Plaintiff's obligations under the contract Plaintiff claims were breached.

5.      Defendant asserts that an appraisal may not be performed in this case as the damaged property was repaired, removed and/or destroyed by Plaintiff prior to Defendant inspecting the claimed damaged property.

6.      Defendant reserves and asserts all rights, conditions, and defenses under the insurance policy in question, which forms the basis of Plaintiff's claim.

### III.
### PRESERVATION OF RIGHTS

7.      Defendant preserves all of its rights under each policy at issue, specifically including the right to appraisal.

### IV.
### POLICY DEFENSES

8.      Defendant affirmatively asserts, for the policy made the basis of this lawsuit, the policy's terms, conditions, endorsements and exclusions as set forth in the policy, as those respective terms, conditions, endorsements and exclusions may bar, in whole or in part, Plaintiff's claims.

### V.
### OFFSET, CREDIT, AND LIMITATION OF LIABILITY

9.      Pleading further for a separate and complete defense and in the alternative, pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant asserts the setoff, credit, limit of liability, and other insurance limitation provisions contained in the TEXAS INSURANCE CODE and in each policy made the basis of this claim. Defendant is entitled to an offset or credit against Plaintiff's damages, if any, for monies previously paid under the policy at issue. Further, Defendant's liability, if any, is limited to the amount of the policy limits under each subject policy,

pursuant to the "Loss Settlement" and other clauses regarding the limit of liability and payment for covered losses contained in each policy upon which Plaintiff brings this suit.

## VI.
## FAILURE TO MITIGATE

10.    Pleading further for a separate and complete defense and in the alternative, Defendant avers that Plaintiff has failed to fully and properly mitigate his damages in accordance with the law and with Plaintiffs duties under the policy.

## VII.
## FAILURE TO STATE A CLAIM

11.    Pleading further for a separate and complete defense and in the alternative, Plaintiffs causes of action are barred, either in whole or in part, because he has failed to state a claim upon which relief can be granted. Specifically, Plaintiff failed to describe any particular facts or circumstances supporting the alleged breach of the insurance contract(s) by Defendant.

12.    Further, Plaintiff failed to describe any particular facts or circumstances supporting the alleged fraud and/or breach of fiduciary duty by Defendant.

## VIII.
## EXTRA-CONTRACTUAL  CLAIMS  BARRED

13.    Pleading further for a separate and complete defense and in the alternative, Plaintiffs causes of action are further barred, either in whole or in part, because he has failed to state a claim upon which relief can be granted, with regard to Plaintiffs extra contractual claims. Specifically, Plaintiff failed to describe particular facts or circumstances that transform alleged contractual claims into a cause of action for alleged violations of the TEXAS INSURANCE CODE. Plaintiff failed to allege any specific conduct on the part of Defendant which would subject Defendant to liability under Chapters 542 or 542A of the TEXAS INSURANCE CODE. Defendant

specifically states it did not, knowingly or otherwise, make any false, fraudulent or negligent misrepresentations to Plaintiff.

## IX.
## BONA FIDE AND LEGITIMATE DISPUTES EXIST

14.     Pleading further for a separate and complete defense and in the alternative, bona fide and legitimate disputes exist precluding Plaintiffs recovery of damages under extra-contractual theories of liability pursuant to any statutory or common law authority.

## X.
## LIMITATION OF PUNITIVE DAMAGES

15.     Pleading further for a separate and complete defense and in the alternative, punitive damages awarded, if any, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.001, et. seq., are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Furthermore, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence. Defendant respectfully shows regarding any allegations of exemplary or punitive damages as follows:

(a)     Defendant avers the proper clear and convincing burden of proof as to alleged punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact, and relies on other statutory limitations afforded to them;

(b)     Plaintiff's claims for exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution;

(c)    Plaintiff's claims for punitive or exemplary damages should be proved beyond a reasonable doubt;

(d)    That exemplary or punitive damages cannot be awarded against Defendant because, in part, Defendant will be placed twice in jeopardy for the same conduct in violation of the United States and Texas Constitutions;

(e)    Plaintiff's claims for exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment;

(t)    Plaintiff's claims for punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference;

(g)    Plaintiff's claims for exemplary or punitive damages must be assessed by the unanimous verdict of all jurors;

(h)    Plaintiff's claims for exemplary damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards, and therefore, the standard is unduly vague and does not meet the requirements of due process;

16.    Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to the Plaintiff's claims for exemplary or punitive damages, but Defendant received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

## XI.
## <u>SPECIAL EXCEPTIONS</u>

17.    Defendant specially excepts to Plaintiff's Original Petition and asks the Court to order Plaintiff to replead and cure the following pleading defects.

<u>Breach of Contract Allegation</u>

18.    Defendant specially excepts to paragraph 29-39 of Plaintiffs Petition because it fails to: (1) provide fair notice of facts of the loss or losses allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiffs alleged loss or losses were covered under the terms of the insurance contracts at issue; and/or (3) provide fair notice of the acts and/or omissions on the part of Defendant which allegedly amounted to a breach of Defendant's contractual obligations, if any, to Plaintiff *Subia v. Texas Dept. of Human Serv.,* 750 S.W.2d 827, 829 *(Tex. App.* - El Paso 1988, no writ) (trial court can order the Plaintiff to specifically plead a cause of action which was originally pied in general terms). As such, Plaintiff should be required to amend his claim for breach of contract and state with particularity: (1) facts supporting his alleged loss; (2) facts demonstrating the portion of the losses covered by the contract of insurance in question; (3) the factual basis for the alleged acts and/or omissions on the part of Defendant which allegedly amounted to a breach of its contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for Defendant's alleged breach of contract.

<u>Alleged DTPA Violations & Unconscionable Conduct -  Knowledge and Intent</u>

19.    Defendant specifically excepts to paragraphs 42-44 of Plaintiffs Petition  for Plaintiffs failure to allege any conduct on the part of Defendant, which would subject it to liability under the DTPA and/or Texas Insurance Code. As such, Plaintiff failed to give fair and adequate notice of facts and circumstances supporting any allegation of any violation of the DTPA, and Defendant lacks information sufficient to prepare its defense to this cause of action.

Prompt Payment of Claims Statute

20.     Defendant specially excepts to paragraphs 45-48 of Plaintiffs Petition because it completely fails to set forth how Defendant failed to comply with §542.055, §542.056, and §542.057.  In addition, it fails to specifically allege any specific conduct on the part of Defendant as to how it failed to comply with §542.058.

Plaintiff's Allegation of Unfair Practices

21.     Defendant specially excepts to paragraphs 49-52 of Plaintiff's Petition wherein Plaintiff alleges that Defendant knowingly made statements misrepresenting the terms and/or benefits of the policy, made an untrue statement of material fact, failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and/or made a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.  Not only is the allegation false, it is entirely without any factual basis. As such, Defendant requests that these allegations be stricken from Plaintiff's pleadings.

Fraud

22.     Defendant specially excepts to paragraphs 53-56 in Plaintiffs Petition of unidentified misrepresentations and/or fraud, in that Plaintiffs pleading alleged no actual representations, concealed facts, or any other conduct on the part of Defendant or any reliance thereon by Plaintiff which would subject Defendant to liability on any cause of action for fraud or misrepresentation. On a claim for common law fraud, a plaintiff must prove: (1) the defendant made a material misrepresentation; (2) the representation was false, and was either known to be false when made or was asserted without knowledge of its truth; (3) the defendant intended the representation to be relied upon; (4) the representation was actually relied upon; and, (5) the

representation caused harm to the plaintiff.[1] Plaintiff has not pled a single fact substantiating any of the elements of her fraud claim against Defendant. As such, Plaintiff failed to give fair and adequate notice of facts and evidence upon which these claims are based.

<u>Ongoing Conspiracy to Commit Illegal Acts</u>

23.     Defendant specially excepts to paragraphs 56-58 in Plaintiffs Petition of Defendant and its agents coming to a meeting of the minds and acted in a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim and as to the rights, duties and insurance benefits in the subject contract for insurance and Plaintiff having relied upon such conduct has been injured. Plaintiff has not pled a single fact substantiating any of the elements of her fraud claim against Defendant. As such, Plaintiff failed to give fair and adequate notice of facts and evidence upon which these claims are based.

<u>Liability Not "Reasonably Clear"</u>

24.     As to Plaintiff's extra-contractual or "bad faith" claims, a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement to insurance benefits. Insurers possess the right to value claims differently from their insureds without facing extra-contractual or "bad faith" liability. Defendant would show that a *bona fide* controversy existed regarding the actual damage sustained to the property and its contents as Plaintiff failed to provide Defendant adequate proof of the damage, and failed to provide Defendant an opportunity to inspect the

---

[1] *Ernst Young, L.L.P. v. Pacific Mut. Life Ins.* Co., *51 S.W.3d 573, 577 (Tex. 2001).*

damaged property before repairing, removing, concealing, and/or disposing of the damaged property. Accordingly, Defendant's liability has not become "reasonably clear."

25.     Because Plaintiff's pleadings do not give fair notice of his claims against Defendant, Defendant asks this Court to set Defendant's special exceptions for hearing and, after the hearing, sustain Defendant's special exceptions and order Plaintiff to replead and cure his pleading defects in accordance with TEX. R. CIV. PROC. 45(b) and 47(a), and if Plaintiff does not cure the defects, to strike the defective portions of Plaintiff's Original Petition.

26.     In the event Defendant removes this case to Federal Court, Defendant explicitly reserves its right to seek dismissal under Rule 12 of the Federal Rules of Civil Procedure.

## XII.
## <u>PLAINTIFFS' REQUEST FOR EXPEDITED ACTION AND DISCOVERY LEVEL 1</u>

27.     Defendant contends and asserts that an expedited action under TRCP 169 and Discovery Level 1 of Rule 190 of the Texas Rules of Civil Procedure is not appropriate in this case and would cause extreme prejudice to Defendant.  Specifically, Plaintiff has attached to his Original Petition as Exhibit C, Plaintiffs Designation of Expert Witnesses, which includes eight (8) named expert witnesses:

1.     Richard Gadrow, Plaintiffs General Contractor/Estimator;

2.     Gary Johnson, Plaintiffs appraiser;

3.     Shiran Perera, P.E., Plaintiffs engineer expert witness;

4.     Matt Morgan, Plaintiffs bad faith expert witness;

5.     Bill Bray, Plaintiffs insurance agent;

6.     Greg, Degeyter, Plaintiffs meteorologist expert witness;

7.     Rebecca Cole; and

8.     Erick Dick, LLM, Plaintiffs attorney's fees expert witness.

As indicated above, Plaintiff has designated eight (8) expert witnesses alone; this doesn't include the parties themselves or even Plaintiff's fact witnesses, not to mention Defendant's fact witnesses and the expert witnesses Defendant will need to retain in response to Plaintiffs eight (8) designated expert witnesses. Clearly, each party will need far in excess of 8 or 12 hours each in trial when Plaintiff alone has designated eight (8) expert witnesses. In light of Plaintiff's Designation of Expert Witnesses attached to their Original Petition as Exhibit C, this case is not suitable for limited discovery and other restrictions and Defendant would ask that this Court not grant Plaintiff's request for an expedited action given their designation of eight (8) expert witnesses.

## XIII.
## PLAINTIFF'S MOTION TO COMPEL MEDIATION

28.     Without waiving paragraphs I-IV above, Defendant objects to Plaintiff's Motion to Compel mediation as premature at this point in the lawsuit as it is prior to the initiation of discovery period; therefore, mediation will be inefficient as no discovery has been conducted.

## XIV.
## RIGHT TO AMEND

29.     For further answer and without waiving the foregoing, Defendant also reserves the right to amend this answer as the discovery of this case progresses and as the facts allow.

## XV.
## NOTICE PER RULE 193.7

30.     Defendant asserts its rights under rule 193.7 of the TRCP, as amended and state that it will use those records produced by the parties hereto in any pretrial hearings and in the Trial of this matter without the need of authenticating same.

## XVI.
## <u>JURY DEMAND</u>

31.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby requests a trial by jury.

## XVII.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant asks the Court to dismiss this suit or render judgment that Plaintiff take nothing, assess costs against Plaintiff, and award Defendant such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,


**Thomas M. Fountain & Associates, PLLC**

By:    _Paola Garcia-Jurado_
       Thomas M. Fountain
       State Bar No. 07310050
       tfountain@houstontriallaw.com
       Paola Garcia-Jurado
       SBN: 24113572
       pgarciajurado@houstontriallaw.com
       25025 I-45 North, Suite 550
       The Woodlands, TX 77380
       P: 281-296-6500
       F: 281-296-6544
       eservice@HoustonTrialLaw.com

       *ATTORNEYS FOR DEFENDANT*
       *CLEAR BLUE INSURANCE COMPANY*

*11*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing document has been forwarded to all known counsel of record, according to Texas Rules of Civil Procedure, on this 26 day of September 2022, in the manner indicated below:

*Via E-Service:* **<u>eric@dicklawfirm.com</u>**

Eric Dick, LLM
Dick Law Firm, PLLC 3701 Brookwoods Drive
Houston, Texas 77092
**ATTORNEY FOR PLAINTIFFS**